**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT**
**SOUTHERN DIVISION**

Richard M. Kanowski,

      **PLAINTIFF**

v.

Mohammed Berro, in his individual capacity,
Robert Schurig, in his individual capacity,
Hassan Naji, in his individual capacity,
Sgt. Thompson, in his individual capacity,
Officer Aminy, in his individual capacity,
Officer Zaarour, in his individual capacity,
and
City of Dearborn Heights,

      **DEFENDANTS**

Case No. _____

Hon. _____

**DEMAND FOR JURY TRIAL**

---

MICHAEL L. JONES (P85223)
JONATHAN R. MARKO (P72450)
**MARKO LAW, PLLC**
Attorneys for Plaintiff
220 W. Congress, Fourth Floor
Detroit, MI 48226
Ph: (313) 777-7777  / F: (313) 470-2011
michael@markolaw.com
daeauneec@markolaw.com -assistant

1
**PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND**
*Richard M. Kanowski v. Mohammed Berro et. al*      Michael L. Jones, Esq.
Case No.:      Jon R. Marko, Esq.

## PLAINTIFF'S COMPLAINT

NOW COMES Plaintiff, Richard M. Kanowski, by and through his attorneys, MARKO LAW, PLLC, and for his Complaint against the above-named Defendants, states as follows:

## INTRODUCTION

1. This is a civil rights action arising under the Fourth and Fourteenth Amendments to the United States Constitution, brought pursuant to 42 U.S.C. § 1983.

2. Plaintiff Richard Martin Kanowski ("Plaintiff") was subjected to excessive force by Defendant Officer Berro during his arrest on March 10–11, 2025, in Dearborn Heights, Michigan.

3. Other officers—including Officers Schurig, Naji, Thompson, Aminy, and Zaarour—were present, observed the unconstitutional force, and failed to intervene.

4. The City of Dearborn Heights maintained unconstitutional customs, policies, and practices, and failed to properly train and supervise its officers, leading directly to the violation of Plaintiff's constitutional rights.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the federal claims raised this action pursuant to 28 U.S.C. §§ 1331 and 1343.

6. Plaintiff seeks damages and declaratory relief to enforce federal rights under 42 U.S.C. § 1983. Plaintiff also seeks reasonable costs and attorney's fees under 42 U.S.C. §§ 1988 and 12205.

7. This Court has jurisdiction to issue declarator, and other relief under 28 U.S.C. §§ 2201 and 2202.

8. Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in Dearborn Heights, Michigan, County of Wayne.

## PARTIES

9. Plaintiff Richard Kanowski is a resident of Dearborn Heights, Michigan.

10. Defendant Mohammed Berro is a Dearborn Heights police officer, sued in his individual capacity.

11. Defendant, the City of Dearborn Heights (the "City"), is a municipal corporation with a principal place of business located at 6045 Fenton, Dearborn Heights, MI 48127.

# COUNT I
## EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION & 42 U.S.C. § 1983
### *(Against Defendants Henderson and Grubbs)*

1. Plaintiff Robert Bigger hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

2. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging excessive force in violation of the Fourth and Fourteenth Amendments.

3. The Fourth Amendment of the U.S. Constitution protected Bigger from excessive force.

4. The Fourteenth Amendment of the U.S. Constitution extends the Fourth Amendment's protections to the states.

5. Defendants were "persons," as defined under 42 U.S.C. § 1983, and as an agent of the State of Michigan and the Michigan State Police, were acting under the color of state law at all times relevant to this action.

6. By slamming Mr. Bigger to the ground and tasering him, Defendants acted under color of law with deliberate indifference, and violated Bigger's right under the Fourth Amendment to the U.S. Constitution to be free from excessive force.

7. The severity of the crime at issue was minor.

8.  Mr. Bigger did not pose an immediate threat to the safety of the officers or others. Mr. Bigger made no verbal threats to the officers.

9.  At the time Defendants threw Mr. Bigger to the ground and tasered him, Mr. Bigger was not actively resisting arrest or attempting to evade arrest by flight. To the contrary, Mr. Bigger complied.

10. Mr. Bigger's right to be free from excessive force as described herein was clearly established at the time Defendants threw him to the ground and tasered him.

11. Defendants acted intentionally, maliciously, and in reckless disregard of Reiff's rights.

12. As a proximate result of Defendants' actions and inactions, Mr. Bigger suffered and continues to suffer emotional suffering, psychological injury, and trauma. Mr. Bigger continues to experience fear, distrust, and anxiety regarding law enforcement officers.

13. Mr. Bigger is entitled to declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## COUNT II
### FAILURE TO INTERVENE
### (As to all Defendants)

14. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

15. Any law enforcement officer who, while in the performance of his or her official duties, witnesses another law-enforcement officer engaging or attempting to engage in the use of excessive force against another person must take action to protect the victim.

16. Defendants were aware the force used against Plaintiff was excessive.

17. Defendant knew Plaintiff suffered a medical condition.

18. Defendants knew Plaintiff's Constitutional rights were being violated.

19. Defendants failed to take action to protect Plaintiff.

20. Defendants had the opportunity and means to intervene.

21. Per departmental policy, officers were required to intervene if they observe excessive force.

22. Therefore, the officers were aware of the Constitutional violation, had an opportunity to intervene, and chose not to do so.

23. As a result of Defendants' excessive force, Plaintiff suffered severe injury.

24. By virtue of the Defendants' actions, Plaintiff has suffered, and continues to suffer damages.

25. By virtue of the Defendants' actions, Plaintiff is entitled to recover compensatory and punitive damages.

## **DEMAND FOR RELIEF**

Plaintiff requests that this Court:

a. Assert jurisdiction over this matter;

b. Enter judgment in favor of Plaintiff and against Defendants;

c. Award Plaintiff compensatory and punitive damages;

d. Award costs and attorneys' fees pursuant to 42 U.S.C. § 1988 and 12205; and

e. Grant other appropriate relief.

Respectfully submitted,

*/s/ Michael L. Jones*
Michael L. Jones (P85223)
**MARKO LAW, PLLC**
220 W. Congress, 4th Floor
Detroit, MI 48226
(313) 777-7777 / Fax: (313) 470-2011
Email: michael@markolaw.com

Date: September 4, 2025

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT
# SOUTHERN DIVISION

Richard M. Kanowski,

**PLAINTIFF**

v.

Mohammed Berro, in his individual capacity,
Robert Schurig, in his individual capacity,
Hassan Naji, in his individual capacity,
Sgt. Thompson, in his individual capacity,
Officer Aminy, in his individual capacity,
Officer Zaarour, in his individual capacity,
and
City of Dearborn Heights,

**DEFENDANTS**

Case No. _____

Hon. _____

MICHAEL L. JONES (P85223)
JONATHAN R. MARKO (P72450)
**MARKO LAW, PLLC**
Attorneys for Plaintiff
220 W. Congress, Fourth Floor
Detroit, MI 48226
Ph: (313) 777-7777  / F: (313) 470-2011
michael@markolaw.com
daeauneec@markolaw.com -assistant

## DEMAND FOR TRIAL BY JURY

NOW COMES the above-named Plaintiff, by and through his attorneys, MARKO LAW, PLLC, and hereby demands a trial by jury in the above-captioned matter.

                                          Respectfully submitted,

                                        */s/ Michael L. Jones*
                                        Michael L. Jones (P85223)
                                        **MARKO LAW, PLLC**
                                        220 W. Congress, 4th Floor
                                        Detroit, MI 48226
                                        (313) 777-7777 / Fax: (313) 470-2011
                                        Email: michael@markolaw.com

Date:  September 4, 2025

## PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each attorney of record on **September 4, 2025,** via:

| | |
|---|---|
| ☐ U.S. Mail | ☐ Fax |
| ☐ Hand Delivered | ☐ Overnight Carrier |
| ☐ Certified Mail | ☐ Other: Mi-FILE Truefiling |
| ☒ ECF System | ☐ Email |

*/s/ Dae'Aunee Charles*