UNITED STATES DISTRICT COURT
EASTERN DISTRICT
SOUTHERN DIVISION

Richard M. Kanowski,

**PLAINTIFF**

v.

City of Dearborn Heights,
Mohammed Berro, in his individual capacity,
Robert Schurig, in his individual capacity,
Hassan Naji, in his individual capacity,
Sgt. Thompson, in his individual capacity,
Officer Aminy, in his individual capacity, and
Officer Zaarour, in his individual capacity,

**DEFENDANTS**

Case No. 2:25-cv-12784

Hon. Robert J. White

**DEMAND FOR JURY TRIAL**

## AMENDED COMPLAINT AND JURY DEMAND

NOW COMES the Plaintiff, Richard M. Kanowski, by and through his attorneys, MARKO LAW, PLLC, and for his Complaint against the above-named Defendants, states as follows:

## PARTIES

1. Plaintiff Richard M. Kanowski brings this action to hold Defendant Officers liable under 42 U.S.C. § 1983 for the infliction of excessive force upon him and for their failure to intervene during his arrest on March 10, 2025, which resulted in a fractured skull, traumatic brain injury, and other serious injuries.

2. Plaintiff also seeks to hold Defendant City of Dearborn Heights liable for its unconstitutional customs, policies, and practices, and its failure to properly train and supervise its officers, which directly caused the violation of Plaintiff's constitutional rights.

3. Plaintiff Richard M. Kanowski is, and was at all times material to this complaint, a citizen of the United States and a resident of the City of Dearborn Heights, County of Wayne, State of Michigan.

4. Defendant Mohammed Berro was, at all times relevant to this complaint, a police officer employed by the Dearborn Heights Police Department and was acting under the color of state law.

5. Defendant Robert Schurig was, at all times relevant to this complaint, a police officer employed by the Dearborn Heights Police Department and was acting under the color of state law.

6. Defendant Hassan Naji was, at all times relevant to this complaint, a police officer employed by the Dearborn Heights Police Department and was acting under the color of state law.

7. Defendant Sgt. Thompson was, at all times relevant to this complaint, a police sergeant employed by the Dearborn Heights Police Department and was acting under the color of state law.

8. Defendant Officer Aminy was, at all times relevant to this complaint, a police officer employed by the Dearborn Heights Police Department and was acting under the color of state law.

9. Defendant Officer Zaarour was, at all times relevant to this complaint, a police officer employed by the Dearborn Heights Police Department and was acting under the color of state law.

10. Defendants John Doe Officers 1-3 are unknown police officers who were employed by the Dearborn Heights Police Department. At all times relevant to this complaint, they were present during the incident, had a duty and opportunity to intervene, failed to do so, and were acting under the color of state law. They will be identified and named upon discovery.

11. Defendant City of Dearborn Heights is a Michigan Municipal Corporation responsible for the operation, management, training, and supervision of the Dearborn Heights Police Department and its officers.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over the federal claims raised in this action pursuant to 28 U.S.C. §§ 1331 and 1343.

13. Plaintiff seeks damages and declaratory relief to enforce federal rights under 42 U.S.C. § 1983. Plaintiff also seeks reasonable costs and attorney's fees under 42 U.S.C. §§ 1988 and 12205.

3
**PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND**
*Richard M. Kanowski v. Mohammed Berro et. al*     Michael L. Jones, Esq.
Case No.: 2:25-cv-12784     Jon R. Marko, Esq.

14. This Court has jurisdiction to issue declaratory and other relief under 28 U.S.C. §§ 2201 and 2202.

15. Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in Dearborn Heights, Michigan, which is in the County of Wayne.

## STATEMENT OF CLAIM

16. On or about March 10, 2025, at approximately 11:00 PM, officers from the Dearborn Heights Police Department, including Defendants Berro, Schurig, Naji, Thompson, Sisco, Aminy, and Zaarour, responded to Plaintiff Richard Kanowski's residence located at 27186 Rochelle in Dearborn Heights, Michigan.

17. Officers entered Mr. Kanowski's home with firearms drawn. Mr. Kanowski repeatedly asked the officers why they were at his house, but they refused to provide a reason.

18. Believing he was being unlawfully detained, Mr. Kanowski attempted to contact his attorney by phone.

19. After a brief standoff, and realizing the officers would not explain their presence, Mr. Kanowski voluntarily surrendered. He turned around and placed his hands behind his back to be handcuffed.

20. Defendant Berro placed Mr. Kanowski in handcuffs.

4
**PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND**
*Richard M. Kanowski v. Mohammed Berro et. al*     Michael L. Jones, Esq.
Case No.: 2:25-cv-12784     Jon R. Marko, Esq.

21.     At this point, Mr. Kanowski was fully restrained, not resisting, and posed no threat to any officer or other person.

22.     Immediately after Mr. Kanowski was handcuffed, Defendant Berro violently slammed Mr. Kanowski's head into the refrigerator in his kitchen.

23.     Defendant Berro then began escorting the fully handcuffed and compliant Mr. Kanowski through the garage to a patrol vehicle.

24.     While in the garage, Defendant Berro, without justification or provocation, executed a violent and unnecessary takedown maneuver on the restrained Mr. Kanowski.

25.     In his official police report, Defendant Berro falsely claimed that Mr. Kanowski "became irate," "began tensing up and pulling forward," and ultimately "lost his balance," causing both of them to fall to the ground.

26.     Defendant Berro's self-serving narrative is directly contradicted by video evidence from the patrol car dash camera, which clearly shows Defendant Berro using a leg sweep to maliciously take the fully restrained Plaintiff to the ground.

27.     As a direct result of Defendant Berro's intentional and excessive force, Mr. Kanowski was thrown face-first onto the concrete garage floor, causing his head to strike the ground with tremendous force.

5

**PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND**

*Richard M. Kanowski v. Mohammed Berro et. al*                                    Michael L. Jones, Esq.
Case No.: 2:25-cv-12784                                                           Jon R. Marko, Esq.

28. The impact rendered Mr. Kanowski unconscious and caused catastrophic, life-altering injuries.

29. As a result of the unprovoked assault, Plaintiff suffered a fractured skull, a traumatic brain injury, and an acute left zygomaticomaxillary/tetrapod fracture, which is a complex facial fracture involving his cheekbone and orbital floor.

30. Due to the severity of his injuries, Mr. Kanowski was transported from the Dearborn Heights Police Department jail to Garden City Hospital.

31. Upon evaluation at Garden City Hospital, the critical nature of his injuries was confirmed, and he was emergently transferred to Detroit Receiving Hospital for specialized trauma care and oral and maxillofacial surgery.

32. On or about March 12, 2025, Mr. Kanowski underwent extensive surgery to repair his facial fractures, which required the permanent implantation of titanium plates in his face.

33. The force used by Defendant Berro against a fully restrained, non-resisting, and non-threatening individual was objectively unreasonable, excessive, and unnecessary under the circumstances.

**COUNT I**
**EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION & 42 U.S.C. § 1983**
*(Against Defendant Hussein Berro)*

34. Plaintiff Richard M. Kanowski hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

35. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging excessive force in violation of the Fourth and Fourteenth Amendments.

36. The Fourth Amendment of the U.S. Constitution protected Mr. Kanowski from excessive force.

37. The Fourteenth Amendment of the U.S. Constitution extends the Fourth Amendment's protections to the states.

38. Defendant Berro was a "person," as defined under 42 U.S.C. § 1983, and as an agent of the City of Dearborn Heights and its police department, was acting under the color of state law at all times relevant to this action.

39. By violently slamming a handcuffed Mr. Kanowski's head into a refrigerator and subsequently executing a leg sweep takedown on the fully restrained Mr. Kanowski, causing him to be thrown face-first onto a concrete floor, Defendant Berro acted under color of law with deliberate indifference and violated Mr. Kanowski's right under the Fourth Amendment to the U.S. Constitution to be free from excessive force.

40. The severity of the crime at issue was mitigated by the fact that Plaintiff was already under arrest, fully restrained in handcuffs, and secured by at least one officer.

41. Mr. Kanowski did not pose an immediate threat to the safety of the officers or others. At the time the excessive force was used, Mr. Kanowski was fully handcuffed with his hands behind his back and was being escorted by Defendant Berro.

42. At the time Defendant Berro slammed Mr. Kanowski to the ground, Mr. Kanowski was not actively resisting arrest or attempting to evade arrest by flight. To the contrary, Mr. Kanowski was compliant and already secured. Defendant Berro's claim that Mr. Kanowski lost his balance is directly contradicted by video evidence which shows Defendant Berro maliciously performing a leg sweep.

43. Mr. Kanowski's right to be free from excessive force as described herein was clearly established at the time Defendant Berro assaulted him while he was handcuffed and compliant.

44. Defendant Berro acted intentionally, maliciously, and in reckless disregard of Mr. Kanowski's rights.

45. As a direct and proximate result of Defendant Berro's actions and inactions, Mr. Kanowski suffered a fractured skull, a traumatic brain injury, a fractured orbital requiring surgical insertion of titanium plates, physical pain and

suffering, emotional distress, psychological trauma, medical expenses, and other damages. Mr. Kanowski continues to experience fear, distrust, and anxiety regarding law enforcement officers.

46. Mr. Kanowski is entitled to declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## COUNT II
## FAILURE TO INTERVENE
**(Against Defendants Schurig, Naji, Thompson, Aminy, Zaarour, and John Doe Officers 1-3)**

47. Plaintiff Richard M. Kanowski hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

48. Any law enforcement officer who, while in the performance of his or her official duties, witnesses another law enforcement officer engaging or attempting to engage in the use of excessive force against another person has a duty to intervene and take action to protect the victim.

49. At the time of the incident, Defendants Schurig, Naji, Thompson, Aminy, Zaarour, and John Doe Officers 1-3 were present at the scene and in a position to observe Defendant Berro's use of force against Mr. Kanowski.

50. Defendants Schurig, Naji, Thompson, Aminy, Zaarour, and John Doe Officers 1-3 observed that Mr. Kanowski was fully restrained in handcuffs, was not resisting, and posed no threat to officer safety or others.

51. Defendants Schurig, Naji, Thompson, Aminy, Zaarour, and John Doe Officers 1-3 witnessed Defendant Berro use excessive and unconstitutional force when he slammed the handcuffed Mr. Kanowski to the concrete floor of the garage.

52. Defendants Schurig, Naji, Thompson, Aminy, Zaarour, and John Doe Officers 1-3 knew or should have known that the force used against a fully restrained and compliant Mr. Kanowski was excessive and a violation of his Fourth and Fourteenth Amendment rights.

53. Defendants Schurig, Naji, Thompson, Aminy, Zaarour, and John Doe Officers 1-3 had both a reasonable opportunity and the means to intervene to prevent Defendant Berro from using unconstitutional force.

54. Despite having the duty, opportunity, and means to intervene, Defendants Schurig, Naji, Thompson, Aminy, Zaarour, and John Doe Officers 1-3 failed to take any action to protect Mr. Kanowski.

55. The failure of Defendants Schurig, Naji, Thompson, Aminy, Zaarour, and John Doe Officers 1-3 to intervene constituted a deliberate indifference to Mr. Kanowski's constitutional rights.

56. As a direct and proximate result of these Defendants' failure to intervene, Mr. Kanowski suffered a fractured skull, traumatic brain injury, fractured orbital bone, and other severe and permanent injuries, as well as pain and suffering, emotional distress, and financial damages.

57. By virtue of their deliberate indifference and failure to intervene, Defendants Schurig, Naji, Thompson, Aminy, Zaarour, and John Doe Officers 1-3 are liable to Plaintiff for compensatory and punitive damages.

## COUNT III
## MONELL LIABILITY
### (Against Defendant City of Dearborn Heights)

58. Plaintiff Richard M. Kanowski hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

59. Defendant City of Dearborn Heights is a "person" for purposes of 42 U.S.C. § 1983 and is liable for the constitutional violations inflicted upon Plaintiff.

60. The constitutional deprivations suffered by Plaintiff were the direct result of the long-standing and widespread policies, customs, and established practices of the Defendant City of Dearborn Heights, which acted with deliberate indifference to the constitutional rights of individuals, including the Plaintiff.

61. Defendant City of Dearborn Heights' unconstitutional policies, customs, and practices were known to its final policymakers, including the Chief of Police and the City Council, who not only failed to correct the misconduct but actively fostered an environment where such violations were inevitable.

62. The policy and custom are evidenced by recent whistleblower allegations brought by three senior police officials, including the Police Chief, Jerrod Hart, against the City of Dearborn Heights. In February 20224, Chief Hart and others

filed suit alleging systemic corruption within the department, including mishandling of evidence, mismanagement of forfeiture funds, a tickt-fixing system for favored individuals, and tolerance of excessive force by officers.

63. According to that lawsuit, when these high-ranking officials reported witnessing excessive force by an officer, a City Council member threatened them instead of addressing the misconduct. This reflects the City's longstanding custom of retaliating against those who expose unlawful policing rather than remedying constitutional violations.

64. These allegations, coming from the highest levels of the Dearborn Heights Police Department, corroborate Plaintiff's claims that the City was on actual notice of a widespread pattern of police misconduct- including excessive force- and nonetheless failed to implement corrective policies, discipline offending officers, or protect complainants.

65. By ratifying and concealing misconduct, mismanaging evidence and funds, and threatening whistleblowers, Defendant City created and maintained an unconstitutional environment in which officers where emboldened to use excessive force against citizens, directly causing the violation of Plaintiff's constitutional rights in this case.

66. These customs, policies, and practices of the City of Dearborn Heights, acting under the color of its statutory and legal authority, include, but are not limited to:

>a. Failing to adequately train, supervise, and control its officers regarding the constitutional limits on the use of force, particularly the prohibition against using significant force on a fully restrained, non-resisting individual.
>
>b. Failing to properly and meaningfully investigate allegations of excessive force and officer misconduct, thereby creating a de facto policy that such unconstitutional acts would be tolerated and unpunished.
>
>c. Demonstrating a pattern of deliberate indifference to excessive force violations, as evidenced by the June 16, 2023 excessive force incident involving Sgt. Mohamad Bazzy and other officers that was reported to the City by then-Chief Jerrod Hart but failed to result in adequate corrective action to prevent the violation of Plaintiff's rights.
>
>d. Failing to discipline officers for egregious violations of policy and constitutional rights, including excessive force and the filing of false reports to conceal misconduct, thereby encouraging officers like Defendant Berro to believe they could act with impunity.
>
>e. Maintaining a systemically dysfunctional police department that former Chief Hart described under oath as a complete mess where where's nothing professional about it, and where the department had no adequate policies and procedures in place to handle anything.
>
>f. Allowing and perpetuating what Chief Hart testified was a bifurcated organization with competing factions divided along racial and religious lines, creating daily and nightly

13
**PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND**
*Richard M. Kanowski v. Mohammed Berro et. al*     Michael L. Jones, Esq.
Case No.: 2:25-cv-12784     Jon R. Marko, Esq.

battles between Arab and non-Arab officers that rendered effective supervision and constitutional compliance impossible.

g. Tolerating a department structure where, as Chief Hart testified, there were two factions within the department that were horrible, unbelievable, and untenable, making professional law enforcement operations impossible.

h. Failing to properly investigate excessive force incidents, including the June 2023 incident where Sgt. Bazzy and other officers committed policy violations and suspected legal violations during an arrest that resulted in excessive force.

i. Permitting political interference with police operations and disciplinary matters, undermining the authority of police leadership and creating a culture where accountability was subject to political manipulation rather than constitutional principles.

j. Condoning corruption and "ticket fixing" schemes for friends of law enforcement officers and elected officials, demonstrating a pervasive culture of lawlessness within the department.

k. Failing to maintain proper evidence management systems that were so deficient as to jeopardize the right to a fair trial for criminal defendants, demonstrating the department's systemic disregard for constitutional procedures.

63. The City of Dearborn Heights had actual or constructive notice of this pattern of constitutional violations through multiple sources, including Chief Hart's June 15, 2023 email reporting the excessive force incident and systemic problems; the referral of the June 2023 excessive force incident to Michigan State Police for

criminal investigation; Chief Hart's testimony describing the department as bifurcated and professionally dysfunctional; and multiple reports to state and federal authorities regarding corruption and civil rights violations

64. Despite having notice of these systemic problems and the June 2023 excessive force incident, the City of Dearborn Heights failed to implement adequate corrective measures, training, or policies to prevent future constitutional violations like those inflicted upon Plaintiff.

65. The City of Dearborn Heights' failure to train, supervise, and discipline its officers was so deficient and widespread that it amounted to a deliberate indifference to the high probability that its officers would violate the constitutional rights of citizens like Mr. Kanowski.

66. These unconstitutional customs, policies, and practices, and the City's deliberate indifference, were the "moving force" behind the constitutional violations inflicted by the individual Defendants upon the Plaintiff.

67. As a direct and proximate result of the unconstitutional policies, customs, and practices of the Defendant City of Dearborn Heights as alleged herein, Plaintiff has sustained a violation of his rights under the law and, as a result, is entitled to declaratory relief and compensatory damages.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff, Richard M. Kanowski, respectfully requests that this Honorable Court enter judgment against Defendants as follows:

A. Declare that the acts and omissions of Defendants violated Plaintiff's fundamental constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution as set forth in this Complaint;

B. Award Plaintiff compensatory damages against all Defendants, jointly and severally, in an amount to be determined as fair and just by the trier of fact, to fully compensate Plaintiff for all injuries and losses, including but not limited to his fractured skull, traumatic brain injury, fractured orbital bone, past and future medical expenses, physical pain and suffering, mental and emotional distress, and loss of the ordinary pleasures of everyday life;

C. Award Plaintiff punitive and exemplary damages against the individual Defendants Berro, Schurig, Naji, Thompson, Aminy, Zaarour, and John Doe Officers 1-3, in an amount to be determined as reasonable and just by the trier of fact, for their malicious, willful, and reckless conduct in violation of Plaintiff's clearly established constitutional rights;

D. Award Plaintiff his reasonable attorneys' fees, costs, and interest pursuant to 42 U.S.C. § 1988; and

E. Award such other and further relief as this Court deems just, equitable, and proper.

Respectfully submitted,

/s/ Michael L. Jones
Michael L. Jones (P85223)
JON R. MARKO (P72450)
**MARKO LAW, PLLC**
Attorneys for Plaintiff
220 W Congress, 4th Floor
Detroit, MI 48226
P: (313) 777-7777

Date: October 2, 2025

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT
# SOUTHERN DIVISION

Richard M. Kanowski,

      **PLAINTIFF**

v.

Mohammed Berro, in his individual capacity,
Robert Schurig, in his individual capacity,
Hassan Naji, in his individual capacity,
Sgt. Thompson, in his individual capacity,
Officer Aminy, in his individual capacity,
Officer Zaarour, in his individual capacity,
and
City of Dearborn Heights,

      **DEFENDANTS**

Case No. _____

Hon. _____

---

MICHAEL L. JONES (P85223)
JONATHAN R. MARKO (P72450)
**MARKO LAW, PLLC**
Attorneys for Plaintiff
220 W. Congress, Fourth Floor
Detroit, MI 48226
Ph: (313) 777-7777  / F: (313) 470-2011
michael@markolaw.com
daeauneec@markolaw.com -assistant

Page **1** of **18**

## DEMAND FOR TRIAL BY JURY

NOW COMES the above-named Plaintiff, by and through his attorneys, MARKO LAW, PLLC, and hereby demands a trial by jury in the above-captioned matter.

Respectfully submitted,

*/s/ Michael L. Jones*
Michael L. Jones (P85223)
**MARKO LAW, PLLC**
220 W. Congress, 4th Floor
Detroit, MI 48226
(313) 777-7777 / Fax: (313) 470-2011
Email: michael@markolaw.com

Date: October 2, 2025

### PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each attorney of record on **October 2, 2025,** via:

☐ U.S. Mail  ☐ Fax
☐ Hand Delivered  ☐ Overnight Carrier
☐ Certified Mail  ☐ Other: Mi-FILE Truefiling
☒ ECF System  ☐ Email

*/s/ Dae'Aunee Charles*