UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD M KANOWSKI,

     Plaintiff,

v.

MOHAMMED BERRO, et al.,

     Defendants.

Case No. 25-cv-12784

Honorable Robert J. White

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT (ECF No. 23); DENYING
PLAINTIFF'S MOTION FOR STATUS CONFERENCE (ECF No. 30);
AND DENYING DEFENDANT BERRO'S MOTION TO DISMISS AS
MOOT (ECF No. 20)**

Plaintiff Richard M. Kanowski moved for leave to file a second amended complaint. (ECF No. 23, PageID.177). Kanowski's proposed second amended complaint would correct a misnomer in the case caption. (ECF No. 23-1, PageID.190). The case caption improperly listed Defendant Berro's first name as "Mohammed" when his first name is "Hussein." (ECF No. 23, PageID.180). The proposed second amended complaint would also remove allegations that Berro slammed Kanowski's head into a refrigerator. (*Id.* at PageID.182). Kanowski filed his motion for leave to amend after Berro moved to dismiss the same refrigerator-based allegations. (ECF No. 20). Kanowski cited his review of the body-worn

camera footage as the reason he now seeks to strike the allegations from his pleading. (ECF No. 23, PageID.180–81).

Berro opposed Kanowski's motion to amend. (ECF No. 25).  Berro argued that granting amendment would circumvent dismissal with prejudice of the head slam claims. (*Id.* at PageID.222).  As a result, Kanowski could refile the claims, and Berro would then have to expend additional resources to defend against them again, to Berro's prejudice.  (*Id.* at PageID.223).  Likewise, Kanowski had dash camera footage before the complaint was filed and should have known from that that Berro never slammed Kanowski's head against a refrigerator (*Id.* at PageID.223–24).  Thus, Kanowski had no legitimate reason to delay the filing of his motion to excise the refrigerator claims, or to even file them in the first place. (*Id.*).  Accordingly, the Court should deny the motion for leave to amend and grant Kanowski's motion to dismiss with prejudice. (*Id.*).

In addition to his motion for leave to amend, Kanowski moved for the Court to set a status conference. (ECF No. 30).  Berro opposed the motion because the Court has not yet ruled on his motion to dismiss. (ECF No. 32, PageID.270).

For the reasons explained below, the Court will (1) grant Kanowski's motion for leave to file a second amended complaint, (ECF No. 23); (2) deny Berro's motion to dismiss as moot, (ECF No. 20); and (3) deny Kanowski's motion for status conference, (ECF No. 30).

## I.    Legal Standard

Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Although Rule 15(a)(2) embodies a "liberal amendment policy," *Brown v. Chapman*, 814 F.3d 436, 442 (6th Cir. 2016) (citation omitted), whether the district court decides to grant or deny leave to amend is within its discretion, *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Reasons to deny amendment include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Id.*

## II.    Analysis

Considering Rule 15(a)(2)'s guidance to "freely give leave when justice so requires," the Court will grant Kanowski's motion for leave to amend.  To start, Berro did not oppose the motion to the extent it seeks to amend the case caption. Instead, Berro focused on what he perceived was an amendment designed improperly "to avoid dismissal with prejudice." (ECF No. 25, PageID.222).  Based on email correspondence between the parties, Berro believed that Kanowski might try to refile allegations related to the refrigerator head slam. (*Id.* at PageID.222–23). Namely, Kanowski's counsel rejected a stipulation to dismiss those allegations with prejudice and opted to move for leave to amend. (ECF No. 25-1, PageID.226–27).

According to Berro, it would be "unduly prejudicial" for him to have to defend the same claims again. (ECF No. 25, PageID.223).

The Court, however, disagrees that the proposed amendment is unduly prejudicial. The proposed amendment removes allegations that Berro already sought dismissal of and adds no new claims for Berro to defend against. And if Kanowski sought to bring the refrigerator claims again, he could potentially face sanctions given whatever objective facts are contained on the body camera footage. That probability is enough to assuage Berro's concerns about another litigation. By granting leave to amend, Berro more or less receives the relief he requested in his motion to dismiss.

Berro's cited case law, *Deutsche Bank National Trust Company v. Quarles*, No. 11-cv-15498, 2013 WL 1213058 (E.D. Mich. Mar. 25, 2013), is factually distinguishable. There, the court noted that a proposed amendment "'prejudices a party where the amendment will require the party to prepare an additional defense strategy and expend additional resources to defend against new claims.'" *Id.* at *3 (quoting *Durfee v. Rich*, No. 02-10041, 2008 WL 324206, at *3 (E.D. Mich. Feb. 4, 2008)). But because Kanowski is taking away claims, and not adding them, Berro cannot expect to expend additional resources in this litigation based on the proposed amendment. Plus, the idea that Kanowski will bring the same refrigerator claims in a different lawsuit is hypothetical, not actual. At present, the proposed amendment

4

creates no new costs and therefore does not prejudice Berro enough for the Court to deny the motion.

The Court also finds that Kanowski did not unduly delay in moving for leave to file a second amended complaint. Kanowski did not see the footage relevant to his decision to withdraw the refrigerator claim until after Berro filed his motion to dismiss. (ECF No. 23, PageID.180–81). Kanowski filed his motion within two weeks of viewing that footage. (ECF No. 20; ECF No. 23). Although Kanowski had dash camera footage and his own recollection to rely on in crafting his complaint, the Court finds it plausible that Kanowski did not have the full picture of the head slam until he received Berro's additional footage. That is, the dash camera could have missed certain angles or Kanowski could have misremembered what happened. Thus, the Court finds the reasons to deny the motion ultimately unpersuasive and will therefore grant the motion. In doing so, the Court will deny the motion to dismiss as moot, and will instruct Kanowski to file his proposed second amended complaint on the docket within seven days of the Court's order. Once Kanowski files his proposed second amended complaint on the docket, Berro and all other Defendants will have twenty-one days to answer or otherwise respond.

The Court will deny Kanowski's motion for a status conference as premature. (ECF No. 30). Kanowski sought a status conference to "address the progression of this matter, including entry of a scheduling order and any direction regarding

5

Defendants' obligation to file an answer to the operative complaint." (*Id.*).  At the time Kanowski filed his motion for a status conference, Berro's partial motion to dismiss and Kanowski's motion for leave to file a second amended complaint were pending. (ECF No. 20; ECF No. 25).  Since the Court's typical procedure is to set a scheduling conference once all of the parties have answered, (ECF No. 3, PageID.24), the Court will wait for Defendants to answer the second amended complaint before holding such conference.  The Court will contact the parties to set a scheduling conference once that occurs.

* * *

For the reasons given, the Court **ORDERS** that the motion for leave to file second amended complaint (ECF No. 23) is **GRANTED**.  Kanowski must file his second amended complaint on the docket within seven days of this order.  The Defendants have twenty-one days to answer or otherwise respond.

The Court **FURTHER ORDERS** that the motion to dismiss (ECF No. 20) is **DENIED AS MOOT**.

The Court **FURTHER ORDERS** that the motion for status conference (ECF No. 30) is **DENIED**.

Dated: May 19, 2026

s/Robert J. White
Robert J. White
United States District Judge

6