UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RICHARD M. KANOWSKI,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF DEARBORN HEIGHTS, et al.,<br><br>Defendants. | Case No. 25-cv-12784<br><br>Honorable Robert J. White |

**STIPULATED MUTUAL PROTECTIVE ORDER**

Good cause being present as this Order is necessary to protect the parties from annoyance, embarrassment, oppression, or undue burden or expense through the disclosure of non-public, confidential, and/or sensitive information or otherwise; the parties hereto having so stipulated; and the Court being otherwise fully advised in the premises;

IT IS HEREBY ORDERED as follows:

(1) This Order does not authorize the filing of any document or other material under seal. Any party seeking to file material under seal shall comply with E.D. Mich. LR 5.3, as amended, and any applicable practice guidelines of the assigned judicial officer.

(2) Except upon further order of the Court, all documents, electronically stored information, or things containing information which has been designated by any party to this civil action as Confidential shall not be disclosed by a non-designating party or its counsel except as allowed by this Order. If the designating party produces such a document or thing, and the document or thing is capable of being so marked, the designating party shall clearly mark it as "CONFIDENTIAL". If a person or entity other than the designating party produces such documents or things (for example, a health care provider or a copy service), or if the things so designated are electronically stored information, then the designating party shall send a written communication to counsel for the other parties designating the documents, electronically stored information, or things as "CONFIDENTIAL".

An inadvertent failure to designate material as Confidential at the time of production shall not constitute a waiver of confidentiality. Upon written notice of the designation, the receiving party shall thereafter treat the material in accordance with this Order and shall make reasonable efforts to retrieve any copies previously disclosed to persons not authorized to receive Confidential material.

(3) Documents, electronically stored information, or things are only to be designated as Confidential pursuant to this Order to the extent that they contain any non-public and confidential income, tax, financial, law enforcement, proprietary, business, or personal contact information; personal home address(es); non-work

phone number(s); Social Security Number(s); date(s) of birth; information pertaining to a minor child or minor children; health, treatment, psychiatric, psychological, counseling, therapy, and/or medical document and/or information (“materials”); videos and photographs of non-parties that are personal and not related to employment with the City or the allegations in the Amended Complaint, as amended; geolocation data; police policies or procedures exempt from FOIA; "law enforcement investigations; internal affairs investigations; administrative investigations; citizen or internal complaints concerning law-enforcement personnel; pending, open, incomplete, or concluded investigations; investigatory reports, interview statements, recordings, notes, findings, recommendations, and related materials; personnel records; disciplinary records; records concerning alleged misconduct regardless of whether the allegation was substantiated, unsubstantiated, sustained, dismissed, or remains pending; records concerning administrative leave, suspension, reassignment, or other employment action taken during the pendency of an investigation; background check records. For purposes of this Order, the designation of records concerning an allegation, complaint, investigation, administrative leave, or other interim employment action as Confidential shall not constitute or imply that the allegation has been substantiated, that misconduct occurred, or that disciplinary action has been imposed; background check records; or the Plaintiffs’ tax returns, tax return schedules, non-City of

Dearborn Heights W-2 forms, and non-Dearborn Heights 1099 forms produced by any party to this action (the "Producing Party") to any other party (the "Discovering Party"). The scope of production covered by this Order includes both (a) the direct production of documents, electronically stored information, or things by a Producing Party and (b) the indirect production of documents, electronically stored information, or things by a Producing Party via a third party that keeps or stores documents, electronically stored information, or things related to a Producing Party (for example, a health care provider of a Producing Party). While documents and information subject to this Order may be filed pursuant to paragraph (5) below, the parties agree that the following information shall be redacted from any such document before it is filed with the Court: (a) Social Security Numbers, (b) medical records numbers in any medical document or records, (c) patient numbers in any medical document or records, (d) home addresses except if the home address must be included for some purpose related to the document's purpose (for example, a home address included in a subpoena or in a motion related to service of a subpoena), (e) the names of joint filers of parties, or of spouses or children of parties, in tax returns or other records, (f) the names of any government agency paying a person for classified work, and (g) date(s) of birth.

(4) Documents, electronically stored information, or things designated as Confidential pursuant to this Order shall be used by the Discovering Party only for

the purposes of this litigation and for no other purpose. Every person to whom disclosures of such Confidential information are made shall be advised of the terms of this Protective Order and shall be bound by it. After receiving any documents, electronically stored information, or things designated as Confidential pursuant to this Order, the Discovering Party shall not make such materials available to any person except:

(A) Such employees and/or elected officials of the Discovering Party as are involved in the prosecuting or defending of this action;

(B) Attorneys engaged or employed by the Discovering Party and their supporting staff, including legal assistants, paralegals and other employees of such attorneys who are actively engaged in assisting counsel in the preparation of this action;

(C) Court reporters in connection with the taking of a deposition or the transcript of court proceedings in this matter;

(D) Facilitators or Mediators;

(E) Any expert witness or consultant engaged by the Discovering Party or its attorneys or employees to assist in connection with this action;

(F) Any other party to this case who is also bound by this Order; and/or

(G) Attorneys of record in this case who have also been engaged or employed by any other party to this case who is also bound by this Order and their supporting staff.

(H) Witnesses or prospective witnesses, but only to the extent reasonably necessary for preparation, testimony, or examination in this action.

Before Confidential material is disclosed to any expert, consultant, witness, or prospective witness under subparagraphs (E) or (H), counsel shall advise the recipient of the terms of this Order and obtain the recipient's agreement to be bound by it. Counsel shall retain any written acknowledgment and produce it only upon order of the Court or agreement of the parties.

(5) Nothing in paragraph (4) above shall prevent the parties from using documents and/or information received in discovery in any proceeding in this action, including, but not limited to:

(A) Discovery depositions;

(B) Motions, briefs and pleadings;

(C) Argument before the Court;

(D) Mediation or facilitation;

(E) Trial or appeal.

Confidential deposition testimony may be designated on the record during the deposition or by written notice served within fourteen (14) days after receipt of

the final transcript. Until expiration of that fourteen-day period, the transcript and exhibits shall be treated as Confidential to the extent reasonably necessary to permit designation.

If a party receiving Confidential material is served with a subpoena, court order, public-records request, or other compulsory process requiring disclosure of such material, that party shall, to the extent legally permitted, promptly notify the Producing Party in writing and provide a copy of the request or process so that the Producing Party may seek appropriate protection. The receiving party shall not oppose a reasonable request by the Producing Party for such protection, but nothing in this Order requires the receiving party to violate a lawful court order or other legal obligation.

(6) Nothing in this Order shall be construed as determining whether any document or information is subject to disclosure under the Michigan Freedom of Information Act. Documents or information otherwise satisfying the standards of this Order may be designated Confidential regardless of whether a party contends that such material is subject to, or exempt from, disclosure under FOIA. Nothing in this Order expands, restricts, or otherwise adjudicates the rights of any person under FOIA.

(7) A party may challenge the designation of documents, electronically stored information, or things as Confidential pursuant to this Order. Before seeking Court

intervention, the challenging party shall provide written notice identifying the challenged material and the basis for the challenge, and the parties shall confer in good faith to resolve the dispute. If the dispute is not resolved, either party may seek relief from the Court. The burden of upholding the designation shall remain on the party designating the material as Confidential. Unless otherwise agreed or ordered by the Court, the challenged material shall continue to be treated as Confidential until the parties resolve the dispute or the Court rules upon the designation.

(8) Compliance with the terms of this Protective Order shall not be deemed an admission that any documents, electronically stored information, or things are not otherwise protected from disclosure, relevant, or admissible into evidence, and shall not constitute a waiver of the right of any person to object to the production, use, or admission or any documents, electronically stored information, or things.

Pursuant to Federal Rule of Evidence 502(d), the inadvertent or intentional disclosure in this litigation of information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection shall not constitute a waiver of such privilege or protection in this or any other federal or state proceeding. Upon notice of an asserted privilege or protection, the receiving party shall comply with Federal Rule of Civil Procedure 26(b)(5)(B).

(9) At the conclusion of this litigation, all materials described herein, including copies produced in discovery and in the possession of the Discovering

Party or any other person to whom such materials were made available by the Discovering Party, shall be returned to the Producing Party or destroyed by the Discovering Party, at the option of the Producing Party. If the Producing Party elects the option of return, the Producing Party must advise of such within 60 days of entry of the final Order in the case and the postage for such return shall be paid by the Producing Party. Otherwise, the documents shall be destroyed.

Notwithstanding the foregoing, counsel may retain one archival copy of pleadings, correspondence, deposition transcripts, exhibits, expert materials, attorney work product, and other portions of the litigation file maintained in the ordinary course, including electronically archived or backup copies that cannot reasonably be segregated or destroyed, provided that any retained Confidential material remains subject to this Order and is not used for any purpose other than record retention, professional responsibility, insurance, or defense of counsel or a party in a later proceeding relating to this action.

The obligations imposed by this Order with respect to Confidential material shall survive final judgment, settlement, dismissal, exhaustion of all appeals, and the conclusion of this litigation unless otherwise ordered by the Court.

(10) This Order may be modified upon written stipulation of the parties, or by the Court upon Motion of any party, for good cause shown.

SO ORDERED.

Dated: October 6, 2026

s/Robert J. White
Robert J. White
United States District Judge

**STIPULATED TO:**

*Michael L Jones with Consent*
Michael L Jones (P85223)
Marko Law, PLLC
*Attorney for Plaintiff*

*/s/ Monica N. Hunt*
Monica N. Hunt (P68838)
The Allen Law Group
*Attorneys for Defendant City of Dearborn Heights*

/s/ Melissa Keyes with Consent
Melissa Keyes (P56532)
Kali L. Henderson (P76479)
Seward Henderson PLLC
*Attorney for Defendant Berro*

*/s/ Timothy Ferrand with Consent*
Timothy Ferrand (P39583)
Cummings McClory Davis & Acho PLC
*Attorneys for Defendant Schurig, Naji, Thompson, Aminy, and Zaarour*